UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNIBANK FOR SAVINGS,<br><br>      Plaintiff,<br><br>    vs.<br><br>M/V "JESSIE RAE", her engines, tackle, appurtenances, apparel, etc., in rem, and ROBERT A. MAIHOS, in personam,<br><br>      Defendants | Civil Action No. 10-40082-FDS |

**MEMORANDUM IN SUPPORT OF**
**PLAINTIFF'S MOTION FOR SANCTIONS**

In this motion, UniBank asks the Court to hold the defendant, Robert A. Maihos, in civil contempt for failing to answer Rule 69 interrogatories after the Court, on UniBank's motion to compel, ordered him to do so. All of the elements necessary to prove civil contempt are present, and civil contempt is an appropriate remedy. Indeed, civil contempt is likely the *only* remedy that will result in compliance with the Court's order.

FACTS

Maihos borrowed money from UniBank to finance the purchase of a vessel, the M/V Jessie Rae. After he defaulted on his obligations, UniBank asserted claims in admiralty against the vessel in rem and against Maihos in personam. The vessel was ultimately sold at auction. Maihos entered into an agreement for judgment for the deficiency (Docket No. 15). The Court authorized UniBank to serve Rule 69 discovery before entry of judgment (Order of Oct. 22, 2010). UniBank served Rule 69 interrogatories, which Maihos failed to answer. UniBank moved to compel, and Maihos failed to respond. The Court, on April 11, 2011, granted the motion and gave Maihos fourteen days to answer the interrogatories. (Docket No. 40). UniBank sent a copy

of the Court's order to Maihos's counsel on April 12, but Maihos has not answered the interrogatories as ordered. (Folkman Decl. ¶ 2).

## ARGUMENT

Under Rule 37(b)(2)(A)(vii), the Court may treat Maihos's failure to comply with its discovery order as a contempt of court. To show that Maihos is in civil contempt, UniBank need only show (1) that Maihos had notice that he was "within the order's ambit"; (2) that the order was clear and unambiguous; (3) that Maihos had the ability to comply; and (4) that the order was violated. *United States v. Saccoccia,* 433 F.3d 19, 27 (1st Cir. 2005). Here, all four elements are plainly satisfied. Maihos was not just "within the order's ambit"; the order was expressly targeted at him. The order was entirely unambiguous—it simply ordered Maihos to answer the interrogatories. There is no apparent reason why Maihos could not comply, yet he failed to comply. UniBank need prove no more.

UniBank seeks a civil contempt sanction because it does not believe, in light of Maihos's failure to participate in the litigation and in light of the fact that Maihos has already agreed to entry of judgment against him, that the alternate sanctions available under Rule 37(b)(2)(A) are likely to yield results. Courts have approved contempt sanctions to enforce compliance with Rule 69 discovery. *See FDIC v. LeGrand,* 43 F.3d 163, 170-71 (5th Cir. 1995).

It is unclear to UniBank whether Maihos has the means to pay a monetary contempt sanction—indeed, the whole point of UniBank's discovery is to disclose whether Maihos can pay UniBank's judgment, and from what assets. Therefore, UniBank submits that the appropriate sanction to compel compliance with the Court's order is an order requiring Maihos to appear and show cause why he should not be held in civil contempt, and if no good cause appears, an order imprisoning him until he obeys the Court's order. UniBank's hope is that the threat of this sanction will persuade Maihos to answer the interrogatories at or before the hearing.

        Respectfully submitted,

        UNIBANK FOR SAVINGS

        By its attorneys:

        /s/ Theodore J. Folkman
        Theodore J. Folkman (BBO No. 647642)
        HANIFY & KING, P.C.
        One Beacon St.
        Boston, Massachusetts 02108
        (617) 423-0400
        tjf@hanify.com

Dated: May 25, 2010

## CERTIFICATE OF SERVICE

I certify that on May 25, 2010, I caused a true copy of this document to be served by first-class mail, postage prepaid, on:

    Richard Scimone, Esq.
    Infomercial Marketing Partners International, Inc.
    14 Apollo 11 Road
    Plymouth, MA 02360

        /s/ Theodore J. Folkman

595329